# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

**FILED**

MAR **2 1** 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

MICHAEL D. ABONEY, )
)
          Plaintiff, )
)
v. ) No. CIV 10-460-RAW-SPS
)
CLINTON HOLLAND, )
)
          Defendant. )

## OPINION AND ORDER

    This action is before the court on the defendants' motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint, the defendant's motion, and plaintiff's response.

    Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at the Lexington Assessment and Reception Center in Lexington, Oklahoma. He brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at the Howard McLeod Correctional Center (HMCC) in Atoka, Oklahoma. The defendant is Clint Howard, a former HMCC correctional officer.

    Plaintiff alleges his rights under the Eighth Amendment were violated on December 4, 2008, when he and another inmate named Mike Easter went to collect cigarettes from a field on the grounds of HMCC. When they arrived at the location and picked up the bag, however, it contained no tobacco. Jodie Long, a HMCC correctional officer, then stood out of the bushes, announced himself, and instructed plaintiff and Inmate Easter to put up their hands. The two inmates complied with Officer Long's directions to back up to a fence, and both inmates were handcuffed behind their backs. Long then ordered plaintiff and Easter to sit on the ground with their backs against the fence, and they complied. Long radioed another party to advise there were two individuals in custody.

    Within a few moments, Defendant Holland drove up in a truck and slid to a stop. He

exited the vehicle and ran to the place where the two handcuffed inmates were sitting. Holland then began punching and kneeing plaintiff in the face while screaming, "Stop resisting!  Stop resisting!"  Plaintiff protested that he was not resisting, but the assault continued, resulting in a gash over plaintiff's left eye.

Plaintiff asserts that Defendant Holland immediately began threatening him and Inmate Easter, telling both men that if anyone inquired about the incident, they were to say the cuts on plaintiff's face were caused by his running into tree branches.  Holland also allegedly threatened that if plaintiff made an issue of the assault, both inmates could be charged with Escape and Resisting Arrest.  Holland repeated his threats while the inmates were being taken to the facility's Segregated Housing Unit (SHU).

While strip-searching plaintiff and Easter at the SHU, Holland allegedly punched Easter in the stomach and ground his combat-style boots on the top of plaintiff's bare feet, all while reiterating his threats of formal charges and further physical assault.  Holland then instructed plaintiff to wash the blood that was running down his face from the cut over his eye.

A few days later, the HMCC Property Officer asked plaintiff what had happened to his eye, and plaintiff said it was not caused by an inmate.  Correctional Officer Danny Johnson then came to plaintiff's cell to inquire about the injury, and plaintiff told him it had been caused by Defendant Holland's assault, but explained he was afraid to report it because of the possibility of retaliation.  Plaintiff claims he suffered from blurred vision and headaches for several months after the assault, and he has a small scar over his left eye.

Plaintiff further alleges he subsequently was visited by Gary Elliott, Assistant General Counsel for the Oklahoma Department of Corrections.  Elliott asked plaintiff to testify against Defendant Holland in a court hearing regarding Holland's propensity for unprovoked and excessive violence against inmates under his direct custody and control.

The defendant has filed a motion to dismiss or for summary judgment, alleging plaintiff has failed to exhaust the administrative remedies for his claims.  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

2

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds, Jones v. Bock*, 549 U.S. 199 (2007).

According to DOC Offender Grievance Process OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident. If the complaint still is not resolved, he then may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken. *See* DOC Policy OP-090124 at http://www.doc.state.ok.us/offtech/toc09.htm.

Plaintiff alleges in his complaint that he submitted a Request to Staff to the HMCC warden that was answered on April 13, 2009. [Docket No. 1 at 5, 8]. The warden's response addressed plaintiff's misconduct conviction and stated there was an ongoing investigation of the alleged assault, so it would be inappropriate to respond to those allegations. Plaintiff asserts he was referred to Investigator Tim Cappich of the DOC Internal Affairs Division, but his letters to Cappich went unanswered. An undated letter to Cappich apparently concerned a misconduct for Running From or Resisting Apprehension within the Facility, which plaintiff denied committing. [Docket No. 1 at 9-11].

Plaintiff claims he submitted a Request to Staff to the HMCC warden on September

3

16, 2010, concerning the investigation and asking to have his misconduct conviction expunged. [Docket No. 1 at 12]. The warden's response, dated September 28, 2010, stated that plaintiff had pleaded guilty to the misconduct in question, and expungement was neither warranted nor possible. [Docket No. 1 at 13].

On October 1, 2010, plaintiff wrote a letter to Johnny Blevins, Administrator of the DOC Internal Affairs Division, inquiring about the status of the investigation. [Docket No. 1 at 14]. Mr. Blevins' response, dated October 4, 2010, advised the investigation was completed on August 4, 2009, but all related reports were confidential and could not be disclosed. [Docket No. 1 at 15]. Plaintiff maintains that based on the above-described documents, he has exhausted his administrative remedies.

The defendant, however, alleges plaintiff failed to exhaust his administrative remedies, because he never filed a grievance about the assault. According to an affidavit by Debbie L. Morton, Manager of the Administrative Review Unit of the DOC Administrative Offices, she has reviewed plaintiff's records since the date of the incident, and he never filed a grievance concerning Defendant Holland. [Docket No. 33-2].

Plaintiff contends in his response to the motion that he was misled by the ongoing investigation, and did not get complete answers to his inquiries. His inquiries about the investigation, however, will not substitute for the proper exhaustion of administrative remedies. The court, therefore, finds plaintiff has not exhausted his administrative remedies.

**ACCORDINGLY,** the defendants' motion to dismiss [Docket No. 33] is GRANTED, and this action is, in all respects, DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies, as required by 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED** this $\underline{21}^{st}$ day of March 2013.

Ronald a. White
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4